# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD VINCENT REDELL <br> and <br> JULIA REDELL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> SERVE: <br>     United States of America <br>     U.S. Attorney's Office, Civil Division <br>     c/o U.S. Attorney Zachary Myers <br>     10 West Market Street, Suite 2100 <br>     Indianapolis, IN 46204 <br><br>     Office of the General Counsel (021B) <br>     ATTN: Pamela Crewe-Allen, Esq. <br>     Department of Veterans Affairs <br>     810 Vermont Avenue, NW <br>     Washington, DC 20420 <br><br>     Roudebush Veterans Administration <br>     Medical Center <br>     ATTN: Highest Officer Found <br>     1481 West 10th Street <br>     Indianapolis, IN 46202 <br><br> Defendant. | CASE NO. 22-339 |

## **COMPLAINT**

COME NOW the Plaintiffs, Richard Vincent Redell and Julia Redell, by and through their undersigned attorney, and for their Complaint against Defendant United States of America, state:

1

## JURISDICTION AND VENUE AS TO ALL COUNTS

1. This is an action for personal injuries incurred by Plaintiff Richard Redell due to medical malpractice which occurred at the Richard L. Roudebush VA Medical Center located in Indianapolis, Indiana in January of 2019.

2. Jurisdiction is proper under 28 U.S.C. § 1346(b). This Complaint is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

3. Venue is proper in the Federal District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1402 and 28 U.S.C. § 1346 as the Plaintiffs are residents of the Southern District of Indiana and all of the tortious acts or omissions complained of occurred in Indianapolis Division.

4. Plaintiff, Richard Redell, is a citizen and resident of the state of Indiana and is currently living at 7354 Five Points Road, Indianapolis, Indiana 46259.

5. Plaintiff, Julia Redell, at all times relevant to this action was the lawful wife of Plaintiff Richard Redell and is a citizen and resident of the city of Indianapolis, state of Indiana residing with her husband.

6. The Defendant, United States of America, is a party to this action by virtue of 28 U.S.C.§ 1346(b) and 2571, et seq.

## PROCEDURAL HISTORY

7. Pursuant to 28 U.S.C.§ 2675(a), a claim alleging injury, damages and losses sustained by Plaintiffs against the Department of Veterans Affairs by virtue of the negligence and medical malpractice of the Veterans Administration, its agents, servants and employees in the medical care rendered to Plaintiff Richard Redell on or about January 6, 2019. The original administrative claim was filed on or about December 22, 2020 and amended and/or supplemented thereafter.

8. By letter transmitted via certified mail dated January 27, 2022, Plaintiffs claim for damages was denied by the U.S. Department of Veterans Affairs, Office of General Counsel, Torts Law Group (021) located in Washington, D.C.

9. Therefore, this action is timely commenced pursuant to 28 U.S.C. § 2401 and 2675(a).

## COUNT I – MEDICAL NEGLIGENCE

10. The Plaintiffs incorporate by reference all of the factual allegations in the preceding rhetorical paragraphs in this Count as though fully enumerated herein.

11. At all times relevant to this action, the Plaintiff Richard Redell was entitled to medical care and services, performed in a reasonable and prudent manner, by virtue of his service and honorable discharge from the U.S. military.  Having served in the United States Marine Corps and then in the Indiana National Guard between 1988 and 2014, Mr. Redell's service included foreign tours including, but not limited to, Desert Storm where he was assigned to an aircraft carrier in the Red Sea.  Further, Mr. Redell served in the infantry security areas.  Mr. Redell's National Guard service was coordinated through the military facility located at 745 East Southport Road in Indianapolis, Indiana.  Mr. Redell's highest achieved rank was that of Sergeant First Class.

12. In addition to his military service, Mr. Redell, at the time of his injury and losses complained of herein, was employed by the Veterans Administration in Indianapolis, Indiana.  He worked in the area of program administration support, where he was a GS6 Level employee.

13. At all times relevant to this cause of action, the United States of America Department of Veterans Affairs owned, managed and operated a hospital facility known as the Richard L. Roudebush VA Medical Center located at 1481 West 10th Street in Indianapolis, Indiana.

14. At all times referenced in this cause of action, the United States of America Department of Veterans Affairs, its agents, servants and employees operated, conducted, managed, controlled and maintained the aforesaid hospital facility

known as the Richard L. Roudebush VA Medical Center located at 1481 West 10th Street in Indianapolis, Indiana.

15. Dr. Robert Cantor was an emergency room physician who rendered care to and upon Mr. Redell on January 6, 2019 along with other agents, employees and representatives of the Richard L. Roudebush VA Medical Center.

16. Upon information and belief, all of the medical care rendered upon Plaintiff Richard Redell on January 6, 2019 was administered by agents, employees and representatives of the Richard L. Roudebush VA Medical Center.

17. Based upon information and belief, Robert N. Cantor maintains a specialty in emergency medicine and, at the time of the occurrences complained of herein, was either completing a residency program and/or had been in practice for a relatively short period of time.

18. At the time of the acts and omissions complained of, Dr. Robert Cantor was acting within the course and scope of his employment by the Richard L. Roudebush VA Medical Center.

19. On or about January 6, 2019, Mr. Redell awakened with what he believed to be a "migraine" headache. Plaintiff Redell communicated to staff at Roudebush VA Medical Center that this headache had been going on for several days and had gotten worse.

20. After being examined and receiving minimal treatment from Dr. Cantor, Mr. Redell was released to go home, notwithstanding clinical indications and recent history that warranted further evaluation and treatment.

21. Further, at the time of Mr. Redell's discharge on January 6, 2019, Dr. Robert Cantor, as well as others rendering treatment, were aware that Mr. Redell had presented with a history of headaches over a course of four days which appeared to become worse. They also knew that Mr. Redell had complained of intermittent sensation of weakness in the left hand associated with his headache but

notwithstanding that he did not have any weakness at the time of the exam.  Dr. Cantor further notes that "the patient was quoted to have anisocoria left pupil ≥ right pupil at an eye clinic appointment two days prior to his emergency room visit."  Finally, Dr. Cantor observed the severity of Mr. Redell's headaches as "this is the worst I think it has ever been."  Again, notwithstanding the foregoing, Mr. Redell was discharged without reasonable instructions for follow up.

22. Pursuant to Dr. Cantor's instructions, Mr. Redell returned home where at approximately 4:00 p.m. he lost consciousness and was unable to get himself back into his bed or answer questions.  EMS was summoned and Mr. Redell was returned to the Richard L. Roudebush VA Medical Center Emergency Department.

23. Upon arriving at the Richard L. Roudebush VA Medical Center Emergency Room for the second time on January 6, 2019, Mr. Redell's condition had deteriorated significantly and he had experienced catastrophic neurological deficits and loss. A consultation was sought and Mr. Redell was transferred by EMS to IU Methodist Hospital for further care.

24. The care and treatment rendered at the Richard L. Roudebush VA Medical Center on January 6, 2019 was rendered in a careless and negligent fashion and otherwise failed to meet an appropriate standard of care.

25. As a direct and proximate result of the Defendant's carelessness and negligence, Plaintiff Richard Redell received serious and catastrophic injury that has rendered him permanently disabled.

26. Plaintiff Julia Redell has further been injured, as she has lost the services, support, companionship, and has suffered other consortium impairment due to the catastrophic injuries and losses suffered by her husband.

27. As a result of the carelessness and negligence of the Defendant, Mr. Redell, at the age of 50, suffered an acute stroke of the left hemisphere resulting in receptive

and expressive aphasia, dyscalculia, dyslexia, right hand and leg decreased motor control, decreased sensation in the right hand, impaired verbal memory, impaired phonemic and semantic naming, and impaired auditory comprehension. Further, Mr. Redell also has demonstrated clinically-significant impairment of processing speed and working memory. Unfortunately, his stroke has resulted in severe impairment of neuro-behavioral control and self regulation of mood and behavior, due to significant involvement of the left frontal lobe.

28. By reason of the foregoing, the Plaintiffs, and each of them, have been damaged in the sum of an aggregate of Six Million Five Hundred Thousand Dollars ($6,500,000).

## COUNT II - INFORMED CONSENT

29. The Plaintiffs, and each of them, repeat and reallege each material allegation contained in the foregoing rhetorical paragraphs and incorporate same as to Count II as though fully delineated in this rhetorical paragraph.

30. The treatment, and lack thereof, including a premature discharge on January 6, 2019 carried with it certain potential risks, hazards and dangers which were well known to the Defendant and unknown to the Plaintiffs. Additionally, there were alternative courses of treatment and evaluation available prior to the original emergency room discharge by Dr. Cantor which were well known to the Defendant and unknown to the Plaintiffs.

31. The failure to communicate the risk and alternate treatment options constituted a failure on the behalf of the Defendant to obtain the informed consent of the Plaintiffs.

32. Defendant and its agents, servants and employees failed to warn or advise the Plaintiffs of the nature and course of treatment, or lack thereof, and the possible consequences of the aforesaid course of treatment chosen by the Defendant.

33. Defendant and its agents, servants and employees had a duty to inform the Plaintiffs of the risks, hazards and dangers of the course of treatment, or the lack of a full evaluation, thus robbing the Plaintiffs of an opportunity to make an informed consent and/or otherwise realize the perils and hazards in delaying a full evaluation of Mr. Redell's clinical presentation.

34. Had Plaintiffs or any reasonable person been informed of the foregoing, including the seriousness and potential deterioration of his clinical presentation, they would have consented to the performance of a full work up and alternate treatment designed to prevent the catastrophic cardiovascular event that ultimately occurred.

35. By reason of the foregoing, Plaintiffs have been damaged in the sum of Six Million Five Hundred Thousand Dollars ($6,500,000).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs demand judgment against the Defendant, the United States of America, in the amount of Six Million Five Hundred Thousand Dollars ($6,500,000), pre- and post-judgment interest, together with the cost of this action, and all other relief proper in these premises.

Respectfully submitted,

**RAMEY & HAILEY**


*s/Richard D. Hailey*
Richard D. Hailey
P.O. Box 40849
Indianapolis, IN  46240
Telephone:  (317) 582-0000
Facsimile:  (317) 582-0080